UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-80840-MIDDLEBROOKS

EXCELSIOR MEDICAL CORPORATION,

    Plaintiff,

v.

IVERA MEDICAL CORPORATION,
ROBERT F. LAKE, JR., and
JEFFREY S. TENNANT,

       Defendants and
       Counterclaim Plaintiffs,

v.

EXCELSIOR MEDICAL CORPORATION,
COVIDIEN LP, and COVIDIEN SALES, LLC,

    Counterclaim Defendants.

**JOINT CONFERENCE REPORT AND
JOINT PROPOSED SCHEDULING ORDER**

    Plaintiff and Counterclaim Defendant Excelsior Medical Corporation ("Plaintiff" or "Excelsior") and Defendants and Counterclaim Plaintiffs Ivera Medical Corporation, Robert F. Lake, Jr., and Jeffrey S. Tennant (collectively, "Ivera" or "Defendants"), by and through their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 26(f), the Court's Order dated October 16, 2013, and Local Rule 16.1(b), hereby submit this Joint Conference Report and Joint Proposed Scheduling Order addressing discovery and other pretrial issues. Counsel for Excelsior and Ivera met and conferred for purposes of preparing this Joint Conference Report on October 25, 2013.

ME1 16708463v.1

**I.     REPORT OF THE PARTIES' CONFERENCE PURSUANT TO RULE 16.1(b)(2)**

**(A)     Likelihood of settlement:** Excelsior and Ivera have engaged in some settlement discussions related to the patent-in-suit (U.S. Patent No. 7,282,186) (the "'186 Patent")) in connection with a prior action on the '186 Patent in the Southern District of California (the "California Action"), but otherwise have not come to an agreement.

**(B)     Likelihood of appearance of additional parties:** The parties do not anticipate the need to join any additional parties to this case.

**(C)     Proposed time limits:** The parties respective proposed time limits are outlined in the proposed scheduling order.  The parties shall exchange Fed. R. Civ. P. 26(a) disclosures by November 22, 2013.

**(D)     Proposals for the formulation and simplification of the issues:** The parties propose that the Court hold a claim construction hearing on the '186 Patent prior to the close of fact discovery.  The process of claim construction will significantly simplify the issues for expert discovery and trial, and may potentially be case dispositive.  Ivera and Excelsior have previously exchanged infringement and invalidity contentions in the California Action.  Ivera does not believe that any further exchange of infringement and invalidity contentions is necessary. Plaintiff proposes an expedited further exchange to memorialize the positions of parties not involved in the California Action.  The parties' respective proposed dates for the claim construction proceedings and contentions are outlined in the proposed scheduling order.  Any additional proposals (*e.g.*, potential grounds for summary judgment) may be raised with the Court when practical.

**(E)     Necessity of amendments to the pleadings:** At this time, no further amendments to the pleadings are anticipated.

**(F)    Possibility of obtaining admissions of facts and of documents:** Counsel will meet after the applicable discovery cut-off date and before the pre-trial conference to discuss stipulations regarding the authenticity of the documents and the need for advance rulings from the Court on the admissibility of evidence.

**(G)    Suggestions for the avoidance of unnecessary proof and cumulative evidence:** At this time, the parties have no suggestions for the avoidance of unnecessary proof of cumulative evidence, but will endeavor to find ways to litigate this case efficiently in the event this action is not dismissed through settlement or otherwise.

**(H)    Referring matters to a Magistrate Judge or Master:** The parties may benefit from the assistance of a Magistrate Judge to oversee any issues related to scheduling, discovery disputes, and potential settlement conferences.

**(I)    Preliminary estimate of time for trial:** Plaintiff estimates a ten (10) day jury trial following voir dire.  Defendants estimate a five (5) day jury trial following voir dire.

**(J)    Dates for conferences before trial, a final pretrial conference, and trial**: Pretrial conferences may be scheduled by the Court.  The parties' positions regarding the date for trial are set forth in the discovery schedule in the joint proposed scheduling order.

**(K)    Any other information helpful to the Court:**

Plaintiff's statement:

Plaintiff respectfully proposes a different trial date than that set by the Court, and strongly disagree with the expedited schedule proposed by Ivera, for at least three principal reasons.

First, Plaintiff believes that an exchange of patent-specific contentions by all parties will be helpful in this case.  Ivera previously filed suit against Excelsior in the Southern District of

California alleging infringement of the '186 Patent (the "California Action"), which was to have a trial date set for some time in 2015.  The inventors of the '186 Patent (counterclaim plaintiffs Lake and Tennant), however, were not parties to that suit,[1] which was the impetus for Excelsior to file this case for declaratory judgment against Ivera, Lake, and Tennant.  On October 25, 2013, the California Action was voluntarily dismissed in favor of proceeding with this case.  As a result of the California Action, Excelsior and Ivera have completed some of the patent-specific disclosures in the schedule proposed below, but Messrs. Lake and Tennant have not.  Additionally, Ivera amended its counterclaims on October 25, 2013 to include the Covidien entities in this case, which also were not parties in the California Action.  Covidien also should have an opportunity to consider and state its position.  Plaintiff thus proposes an expedited exchange of similar disclosures in this case, which recognizes the work done in the California Action, but allows all parties to state their contentions.

Second, the Court's schedule should appreciate that essentially all fact and expert discovery in this complex patent case will be taking place in this action.  Absent the prior exchange of patent-specific contentions by Excelsior and Ivera mentioned above, none of the parties -- including Excelsior and Ivera -- engaged in any substantive discovery in the California Action (in part as a result of Ivera's failure to name all the required parties from the start).  Accordingly, Plaintiff proposes that this case proceed under the "complex" designation with a proposed trial date in 2015, which is similar to the schedule that Excelsior and Ivera were following in the California Action, and which will allow for the completion of the fact and expert

---

[1] Covidien LP and Covidien Sales, LLC also were not parties to the California Action.

ME1 16708463v.1

discovery, claim construction, and summary judgment proceedings that both sides contemplate.[2] Ivera's proposed schedule, relying on discovery being conducted in a *separate* suit on *different* asserted patents in the Southern District of California (Civil Action No. 11-1115), fails to appreciate that this case has its own issues and is not a mere "do over" of that independent action. At the very least, this case involves different inventors, different invalidity issues, and different damages, all of which require discovery unique to this case.

Third, Excelsior and Ivera are already scheduled for trial in Civil Action No. 11-1115 to commence on July 22, 2013 in San Diego. Thus, not only may this trial directly overlap with the trial date noticed by the Court in this case, conducting pre-trial proceedings in this case will be near impossible given this scheduling conflict.

Additionally, on August 6, 2013, Excelsior filed a petition for *inter partes* review of the '186 Patent with the United States Patent and Trademark Office ("PTO") seeking a determination that the '186 Patent is invalid over the prior art. Thus, on separate grounds from the scheduling issues raised above, Plaintiff submits that a stay in favor of these *inter partes* review proceedings is appropriate because: (1) even considering the activity in the California Action, this case remains in its early stages; (2) a stay may simplify (if not eliminate) the issues to be litigated in this action; and (3) a stay may avoid the potentially unnecessary expense of resources and the possibility of inconsistent results. Further argument in support of a stay can be provided in formal briefing.

---

[2] Indeed, the schedule proposed by Ivera contemplates a Markman hearing in January 2013, but nonetheless submits that it is appropriate to close fact discovery on February 3, 2014 and require submission of opening expert reports on February 10, 2014.

Ivera's statement:

The California Action alleged the same '186 patent against the same SwabCap® devices manufactured by Excelsior and sold by both Excelsior and Covidien (the "Accused Devices"). The California Action was filed in February 2013, and by the time it was dismissed in favor of proceeding before this Court the parties had completed their exchange of detailed infringement and invalidity contentions as required under the applicable Local Patent Rules, exchanged proposed constructions of disputed claim terms, and filed complete sets of claim construction hearing statements and charts with the Court. Briefing on claim construction was imminent.

As noted by Plaintiff, Ivera and Excelsior also are engaged in another ongoing patent infringement litigation in the Southern District of California, Civil Action No. 11-1115 (the Related California Action). The Related California Action asserts infringement of different Ivera patents by the same Accused Devices. Fact discovery will be completed in the Related California Action by December 13, 2013.

Because Ivera's products do not practice the '186 patent asserted in this action, fact discovery in the Related California Action will encompass all of the fact discovery required in this case except for limited discovery relating to invalidity issues and possibly depositions of the named inventors on the '186 patent. Those inventors, Mr. Tennant and Mr. Lake, have already produced documents relating to conception and reduction to practice in the California Action. Thus, it is appropriate to provide a significantly shortened period for discovery in this case. The addition of Covidien as a party does not alter any of this, as Covidien is selling the same Accused Device manufactured by Excelsior, just under its own brand name. Covidien is also represented by the same counsel as Excelsior in this case. This case is not a "do-over," but the overlap in discovery is nearly complete.

This is not a complex case and it is appropriate to put this case on the expedited track. Plaintiffs are asserting one (1) patent, the technology is not complex, and the case is already significantly advanced in view of the prior California action and co-pending Related California Action. In view of this, Ivera believes that claim construction proceedings are ripe and should be completed immediately, fact discovery should close promptly thereafter in view of the limited discovery necessary, and expert discovery can be completed shortly thereafter. As set forth below in its proposed schedule, Ivera believes that this case can be brought to trial earlier than indicated in the Court's Order Setting Trial Date and Scheduling Conference (Doc. No. 12). Ivera's proposed trial schedule also avoids the conflict with the trial dates in the Related California Actions that Excelsior raises in its objections to Ivera's proposed schedule.

Finally, Ivera strongly disagrees with Plaintiff's assertion that a stay is appropriate in view of Excelsior's petition for *inter partes review*. That proceeding has not even advanced past the petition. Ivera's deadline for filing a preliminary response to the petition is November 8, 2013. The Patent Office then has three (3) months to determine whether or not to initiate a review, so it is likely that there will not even be a decision on whether or not the Patent Office will undertake until February 2014.

Respectfully Submitted,

By:  /s/Scott G. Hawkins
    Scott G. Hawkins
    James C. Gavigan, Jr.
    JONES, FOSTER, JOHNSTON
    &STUBBS, P.A.
    Flagler Center Tower
    505 South Flagler Drive, Suite 1100
    West Palm Beach, Florida 33401
    (561) 659-3000
    Fax: (561) 650-5300

By:  /s/Joseph W. Bain
    Joseph W. Bain
    Novak Druce Connolly Bove + Quigg LLP
    525 Okeechobee Blvd., 15th Floor
    West Palm Beach, FL 33401
    Phone: (561) 847-7800
    Fax: (561) 847-7801
    Joseph.bain@novakdruce.com

|  | *Attorneys for Defendants and Counterclaim Plaintiffs* |
|---|---|

OF COUNSEL:
Michael R. Friscia (pro hac vice to be applied)
Mark H. Anania (pro hac vice to be applied)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiff*

Dated:  November 1, 2013

8

ME1 16708463v.1